**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM SUGARMAN, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 11-CV-8384 |
| v. | ) ) ) | Hon. Honorable Marvin E. Aspen |
| RESEARCH IN MOTION, LTD., a Canadian corporation, and RESEARCH IN MOTION, CORP., a Delaware corporation, | ) ) ) ) | Magistrate Judge Michael T. Mason |
| Defendants. | ) ) ) | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff William Sugarman ("Plaintiff") respectfully moves this Court for an Order certifying this case as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3). In support of his motion, Plaintiff states the following:

**I.     Introduction**

1.     Defendants Research in Motion, Ltd. and Research In Motion, Corp. (collectively, "RIM") is the manufacturer of the BlackBerry line of smartphones. During the week of October 10, 2011, an outage at a RIM data center caused a worldwide service outage for BlackBerry users — like Plaintiff and the members of the Classes — leaving them without full text, e-mail and/or other services for an extended period of time, thereby causing injury to Plaintiff and the Classes, who paid for (but were denied) service during this period.

2.     RIM admits that it was responsible for customers being unable to use the products and services that they paid for in real-time, as intended. On October 14, 2011, RIM President

and Co-CEO Mike Lazaridis posted a video on RIM's website apologizing for the outage, noting that RIM had failed its customers.

3.      RIM has nonetheless failed to adequately reimburse its customers for their losses, offering affected consumers only a selection of premium applications ("apps") for a limited time free of charge.  These measures fall woefully short of fully and properly compensating Plaintiff and the members of the Classes.  Because RIM has failed to provide proper means of redress, this lawsuit is brought to recover cash compensation for Plaintiff and the below-defined Classes.

4.      Even at this extremely early stage of the litigation, it is clear this case is suitable for class certification.

## II.    The Proposed Classes

5.      Plaintiff brings Counts I-III, as set forth below, on behalf of himself and as a class action, pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All persons and entities in the United States who owned a BlackBerry device and had an active service agreement with an authorized BlackBerry carrier between October 11-14 (hereinafter, the "Class").

Excluded from the Class are RIM and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

6.      Plaintiff brings Count IV, as set forth below, on behalf of himself and as a class action, pursuant to the provisions of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a subclass defined as:

> All persons and entities in Illinois who owned a BlackBerry Device and had an active service agreement with an authorized BlackBerry carrier between October 11-14, 2011 (hereinafter, the "Subclass").

2

Excluded from the Subclass are RIM and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof. The Class and Subclass are collectively referred to as "Classes," unless specifically indicated otherwise.

### III. Fed. R Civ. P. 23's Requirements for Certification Are Satisfied.

7. In determining whether to certify a class, the Court does not inquire into the merits of the plaintiff's claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). As such, "for purposes of considering a motion for class certification, the substantive allegations of the complaint are generally assumed to be true and it is also assumed that cognizable claims are stated." *Anderson v. Cornejo*, 199 F.R.D. 228, 237 (N.D. Ill. 2000).

8. The Court may certify a class when the plaintiff demonstrates that the proposed class and proposed class representatives meet Rule 23(a)'s four prerequisites—numerosity, commonality, typicality, and adequacy of representation—and at least one of the three provisions of Rule 23(b).

9. As shown below, the Class satisfies each of Rule 23(a)'s prerequisites, as well as the requirements for certification under Rules 23(b)(2) and (b)(3).

### A. Rule 23(a)(1) – The Numerosity Element Is Met.

10. The Rule 23(a)(1) numerosity requirement is satisfied where "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). There is no specific number required to satisfy this requirement, nor is a plaintiff required to state the exact number of potential class members. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006). A class action may proceed upon estimates as to the size of the proposed class and "[t]he court is entitled to make common-sense assumptions that support a finding of

numerosity." *Morris v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 336, 342 (N.D. Ill. 2001); *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56 (N.D. Ill. 1996). Generally, where the membership of the proposed class is at least 40, joinder is impracticable and the numerosity requirement is met. *Pope v. Harvard Banchares, Inc.*, 240 F.R.D. 383, 387 (N.D. Ill. 2006).

11. The numerosity requirement is easily met. On information and belief, thousands of consumers have been damaged by RIM's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from RIM's books and records. *Morris*, 203 F.R.D. 336 at 342. Accordingly, there is no question that at least 40 (and likely thousands) of individuals are members of the Class. A more exact number of class members will be confirmed during discovery. Thus, the numerosity requirement of Rule 23(a)(1) is satisfied.

**B. Rule 23(a)(2) – The Commonality Element Is Met.**

12. The second threshold to certification requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is present where a "common nucleus of operative fact" exists, even if as to one question of law or fact and is often found where "defendants have engaged in standardized conduct toward members of the proposed class." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *Whitten v. ARS Nat'l Servs. Inc.*, No. 00 C 6080, 2001 WL 1143238, *3 (N.D. Ill. Sept. 27, 2001) (internal quotations omitted). The question of commonality is a relatively low and easily surmountable hurdle. *Scholes v. Stone, McGure, & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992).

13. Although common questions of either law or fact can be used to support a class action, both exist here. The common questions of fact and law for the Class are:

    a. The cause and extent of the outage.

b.  Whether Defendant breached its express or implied agreements with class members by failing to provide the voice and/or data service class members paid for during the outage.

c.  Whether Defendant acted negligently in failing to properly maintain the email system for BlackBerry smartphone users in the United States.

d.  Whether Defendant engaged in unfair or unlawful practices by failing to provide the voice and/or data service class members paid for, and then not providing refunds.

e.  Whether Defendant violated Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("Consumer Fraud Act").

f.  Whether Plaintiff and the Class are entitled to cash compensation as a result of Defendant's conduct failing to provide service, not merely an offer of free apps to be downloaded during a limited time period.

14.    Because there is a common nucleus of operative facts and legal issues, Plaintiff satisfies the commonality requirement of Rule 23(a)(2).

**C.  Rule 23(a)(3) – The Typicality is Met.**

15.    Rule 23 also requires that Plaintiff's claims be typical of those of the Class. Fed. R. Civ. P. 23(a)(3).  The typicality requirement is closely related to the commonality requirement and is satisfied if Plaintiff's claims arise from "the same event or practice or course of conduct that gives rise to the claims of other class members and…are based on the same legal theory." *Radmanovich v. Combined Ins. Co. of Am.*, 216 F.R.D. 424, 432 (N.D. Ill. 2003) (internal quotations omitted).  Nevertheless, the existence of factual differences will not preclude a finding of typicality; the claims of a named plaintiff need only share "the same essential

5

characteristics" as those of the class. *Id.* Indeed, "[s]imilarity of legal theory is more important than factual similarity . . . ." *Id.*, quoting *Harris v. City of Chicago,* Nos. 96 CV 2406, 96 CV 7526, 1998 WL 59873, at *5 (N.D. Ill. Feb. 9, 1998).

16.     Here, each claim is also based on the same legal theory and cannot be factually distinguished from the claims of absent Putative Class Members because each claim arises from identical conduct: RIM's deceptive and negligent conduct. Plaintiff has thus met the typicality requirement of Rule 23(a)(3).

**D.  Rule 23(a)(4) – The Adequacy of Representation Element is Met.**

17.     The final Rule 23(a) prerequisite requires that a proposed class representative "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This factor requires that both a proposed class representative and its counsel have the ability to "zealously represent and advocate on behalf of the class as a whole." *Maxwell v. Arrow Fin. Services, LLC*, 2004 WL 719278, *5 (N.D. Ill. Mar. 31, 2004). The proposed class representative must not have claims that are "antagonistic or conflicting…with other members of the class," and must have a "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.* (internal quotations omitted). Furthermore, proposed class counsel must be competent and have the resources necessary to sustain the complex litigation necessitated by class claims; it is persuasive evidence that proposed class counsel have been found adequate in prior cases. *Gomez v. Ill. State Bd. of Educ.*, 117 F.R.D. 394, 401 (N.D. Ill. 1987).

18.     In this case, no conflicts exist between Plaintiff and the Putative Class members given the identical nature of their claims. *Rosario*, 963 F.2d at 1018. Moreover, Plaintiff has the same interests as the proposed Class – obtaining relief from Defendant and ensuring that Defendant does not continue such conduct in the future. Therefore, Plaintiff has no interests

antagonistic to the interests of the proposed Class. Furthermore, Plaintiff has hired counsel who has regularly engaged in major complex litigation and class actions. Accordingly, both Plaintiff and his counsel will adequately represent the Class.

### E. Rule 23(b)(3) – The Predominance/Superiority Element is Met.

19.     In addition to satisfying Rule 23(a), a plaintiff seeking certification must satisfy one of the provisions of Rule 23(b). Here, Plaintiff seeks certification pursuant to Rule 23(b)(2) and Rule 23(b)(3).

20.     Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds generally applicable to the proposed class, "so that final injunctive relief or corresponding declaratory relief is appropriate . . . ." Fed. R. Civ. P. 23(b)(2). In this case, Defendant acted and failed to act on grounds generally applicable to the Class as a whole, making final injunctive relief necessary to protect Plaintiff and the Class from such conduct in the future, and satisfying the requirements of Rule 23(b)(2).

21.     Rule 23(b)(3) provides that a class action may be maintained where the questions of law and fact common to members of the proposed class predominate over any questions affecting only individual members. Fed. R. Civ. P 23(b)(3); *Fletcher v. ZLB Behring LLC*, 245 F.R.D. 328, 331-32 (N.D. Ill. 2006). In this case, common questions predominate for the Classes because RIM's deceptive and negligent conduct is *identical* with regard to all putative Class members. Thus, the predominance requirement is satisfied because liability will be decided predominately, if not entirely, based on common evidence of Defendant's conduct.

22.     Rule 23(b)(3) also requires a showing that "a class action is superior to the available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P 23(b)(3). The instant class action is superior to other available methods for the fair and efficient

adjudication of Plaintiff and the Class' claims. The burden and expense of individual prosecution of the litigation necessitated by Defendant's actions makes a class action superior to other available methods of resolution. *See Burns*, 2006 WL 3754820 at *10. Thus, absent a class action, it would be difficult, if not impossible, for the individual members of the Class to obtain effective relief. Maintenance of this case as a class action is also superior to other available methods because it would avoid the necessity for multiple adjudications of identical legal and factual issues, thereby reducing the burden on the judiciary.

23. For the reasons stated above, and which will be borne out by class discovery, this case is appropriate for class certification. Plaintiff hereby requests that the Court allow for and schedule discovery to take place on classwide issues, at the conclusion of which, Plaintiff will file a memorandum in support of this motion detailing the appropriateness of class certification and asking the Court to rule on this motion at that time.[1]

WHEREFORE, Plaintiff William Sugarman, on his own behalf and on behalf of the proposed Classes, respectfully requests that the Court enter an Order:

A. Entering and reserve ruling on Plaintiff's Motion for Class Certification;

B. Allowing for and schedule discovery to take place on classwide issues;

C. Granting Plaintiff leave to file a memorandum in support of his Motion for Class Certification upon the conclusion of classwide discovery;

D. Granting Plaintiff's Motion for Class Certification after full briefing of the issues presented herein; and

E. Providing all other and further relief that the Court deems equitable and just.

---

[1] Plaintiff reserves the right to amend the class definitions at the conclusion of classwide discovery.

8

Dated: November 23, 2011                    Respectfully submitted,

                                            WILLIAM SUGARMAN, individually and
                                            on behalf of all others similarly situated


                                            By: _____
                                                 One of the Attorneys for Plaintiff
                                                 and the Putative Class

Joseph J. Siprut
*jsiprut@siprut.com*
Aleksandra M. S. Vold
*avold@siprut.com*
SIPRUT PC
122 South Michigan Avenue
Suite 1850
Chicago, Illinois 60603
312.588.1440
Fax: 312.878.1342

4830-6233-3454, v. 1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that the foregoing **Plaintiff's Motion for Class Certification** was filed electronically with the Clerk of the Court using the CM/ECF system on this 23rd day of November, 2011, and served electronically on all counsel of record.

_____

Joseph J. Siprut